HINCKLEY & HEISENBERG LLP
Christoph C. Heisenberg,
NY Bar No. 2395010 (*pro hac vice*)
 *cheisenberg@hinckley.org*
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
Telephone: 212.845.9094
Facsimile: 212.820.9790

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ERIC J. LORENZINI, State Bar No. 218433
 *elorenzini@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Defendant- Counterclaim Plaintiff Concierge Live LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SPOTLIGHT TICKET MANAGEMENT, INC. d/b/a TICKETMANAGER, <br><br> Plaintiff, <br><br> v. <br><br> CONCIERGE LIVE LLC, <br><br> Defendant. <br><br> CONCIERGE LIVE LLC, <br><br> Counterclaimant. <br><br> v. <br><br> SPOTLIGHT TICKET MANAGEMENT, INC. d/b/a TICKETMANAGER, <br><br> Counterdefendant. | CASE No. 2:24-cv-00859-WLH-SSC <br><br> **CONCIERGE LIVE LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE TRIAL AND EXTEND CASE DEADLINES** <br><br> Date: August 22, 2025 <br> Time: 1:30 p.m. <br> Crtrm: 9B <br> Judge: Hon. Wesley L. Hsu <br><br> Action Filed: January 31, 2024 <br> Trial Date: March 9, 2026 |

1

DEFENDANT'S MEMO. OF POINTS & AUTH. IN OPP. TO MOT. TO CONTINUE TRIAL AND EXTEND DEADLINES

Concierge Live LLC ("Concierge Live") submits the following memorandum in opposition to Spotlight Ticket Management, Inc.'s ("Spotlight") motion to Continue Trial and Extend Case Deadlines.

## I. PRELIMINARY STATEMENT

Spotlight's motion to extend case deadlines is not supported by good cause. Spotlight commenced this action nearly eighteen months ago, accusing Concierge Live of falsely promoting that its software was integrated with the Ticketmaster platform. Concierge Live answered, asserting that its platform is integrated with Ticketmaster, giving rise to a counterclaim against Spotlight. The factual issues in these claims were minimal, and most of the required factual discovery already is completed: Document exchange between the parties is essentially completed, with Concierge Live's discovery confirming the most critical aspects:

- Concierge Live's promotional communications with customers from 2021 to present state that Concierge Live provides "automated inventory uploads and mobile ticket transfers with all major ticketing platforms";

- Past promotional communications with customers from 2019 to 2021 stated that Concierge Live provides "integration with major platforms (e.g., Ticketmaster, SeatGeek, etc.)"

- Concierge Live has had an actual Ticketmaster API integration since 2019;

- Ticketmaster's senior management authorized the API integrations, and its agreements with Ticketmaster grant Concierge Live the right to use those APIs.

While Concierge Live certainly is sympathetic to the scheduling challenges that Spotlight's lead counsel anticipates may arise due to his wife's childbirth later this month, it is unclear how those potential issues may impact the fact discovery cut-off date. The above discovery was essentially completed by April 2025. Concierge Live also has already completed several depositions, has scheduled additional depositions for next week, and anticipates completing all remaining

depositions by the deadline.  Any remaining discovery can and should be completed by the Order's October 17, 2025 deadline.

Any scheduling challenges Spotlight anticipates facing in the next month are largely due to its own inaction during the prior eight months.  In that period it has not sought a deposition, because, in its own words, "we have almost 7 months left in discovery, so we fail to see the haste, particularly as document production is ongoing." When Concierge Live sought to compel production of additional documents, Spotlight wrote to the Court complaining about Concierge Live's discovery requests, stating "Spotlight repeatedly warned Defendant's counsel about rushing discovery, …, ***particularly given that discovery does not close for 5 months***." (Doc. 79-1) (emphasis in original). It is not surprising that Spotlight may feel some pressure stemming from its prior lack of diligence.

Weighed against the lack of good cause is the ongoing cost and harm of this litigation to Concierge Live.  Spotlight continues advertising, falsely, that Spotlight lacks a Ticketmaster integration. It bolsters that confusion by citing the lawsuit, suggesting that it will prevail, and even that Ticketmaster might cut-off Concierge Live's integration.  Delaying the resolution would further confuse the public, to whom Spotlight continues marketing false and misleading claims.  Concierge Live therefore respectfully opposes Spotlight's request for delay.

## II. BACKGROUND ON THE CLAIMS AND COUNTERCLAIMS

Concierge Live and TicketManager developed competing software technologies that allow clients to consolidate all of their ticket inventories in a single application, through which they could automate their assignment of tickets to attendees. They do so through integrations with the primary ticketing platforms on which the clients have accounts.

/ / /

/ / /

/ / /

1  Spotlight disbelieved that Concierge Live had an integration with
2  Ticketmaster, and in January 2024 it filed this action, alleging that Concierge Live's
3  promotions from 2019 to 2021 of having "integration"[1] with Ticketmaster were
4  false.
5  On September 3, 2024, the Court granted Concierge Live's motion to dismiss
6  the First Amended Complaint. Concierge Live also moved to dismiss the Second
7  Amended Complaint, and the parties stipulated to hold discovery in abeyance
8  pending resolution of the second motion. [Doc. 62].
9  Before issuing its order, the Court directed the parties to proceed with
10 discovery by a minute order issued on December 19, 2024. [Doc. 67]. Promptly
11 thereafter, on December 22, Concierge Live proposed a rolling exchange of
12 documents.
13 On January 21, 2025, Concierge Live again contacted Spotlight to address
14 discovery.

> With depositions starting in three weeks I'd really like to get a start on exchanging documents and interrogatory responses. Please let me know on the below and what times work for you.

(Declaration of Christoph Heisenberg dated August 1, 2025 ("Heisenberg Dec.") ¶18). Spotlight's counsel indicated that it would not provide document responses until January 31, 2025. Its initial production consisted of only two documents. Spotlight did not make its witnesses, Messrs. Johnson and Ansis, available for depositions, requiring Concierge Live to contact Spotlight's counsel again on March 13, 2025:

---

[1] Spotlight's complaints did not address Concierge Live's advertisements from 2021 to the present which do not reference "integration" but state that Concierge Live's application permitted "automated inventory uploads and mobile ticket transfers with all major ticketing platforms."

4
DEFENDANT'S MEMO. OF POINTS & AUTH. IN OPP. TO MOT. TO CONTINUE TRIAL AND EXTEND DEADLINES

> We have been pushing specific availability dates for Messrs. Ansis and Johnson since noticing their depositions in January. My March 4th email to your colleague, Mr. Pardo, continued to seek the earliest new dates for their availability. I have received no response. Please advise promptly so that we can avoid further delay.

(Heisenberg Dec. ¶29). Spotlight's March 20, 2025 response acknowledged that it was not producing the witnesses because it saw no need for haste:

> Per your prior communication with Attorney Pardo, *we have almost 7 months left in discovery, so we fail to see the haste*, particularly as document production is ongoing. If you wish to pursue depositions before receiving all responsive documents, we will not agree to produce the witnesses more than once.

(Heisenberg Dec. ¶30). Through various additional delays caused by the unavailability of Spotlight's witnesses and counsel, Spotlight did not produce those witnesses until the end of April.

Spotlight's insistence on a slow discovery pace has repeated itself through the discovery period. For example, in May the parties attempted to resolve a discovery dispute regarding Spotlight's refusal to provide discovery into its own integrations with other ticket platforms. Spotlight wrote to the Court on May 22, 2025, arguing that Concierge Live was diligently pursuing discovery at an unnecessary pace because there was plenty of time left in the discovery period:

> While Spotlight tried its best to satisfy counsel's continuous demands and provided documents on a rolling basis as quickly as they could be reviewed, all-the-while counsel for Spotlight repeatedly warned Defendant's counsel about rushing discovery, and that an orderly production followed by depositions would yield more meaningful results, ***particularly given that discovery does not close for 5 months***. Defendant did not heed this warning. (Doc. 79-1).

The parties have now completed most of the document discovery, with Spotlight having produced more than 40,000 pages and Concierge Live having produced more than 34,000 pages. Concierge Live has already taken depositions of Spotlight's sales and promotional personnel, and on August 13 and 14th will take the depositions of Spotlight's 30(b)(6) designated witnesses, along with its C.E.O. Kenneth Hanscom. Concierge Live anticipates depositions of Spotlight's Chief Executive Officer Mr. Knopp and Ticketmaster before the end of discovery in October.

Spotlight has neither sought nor taken any depositions.

### III.   ARGUMENT

#### A. Most Discovery Has Been Completed And Any Remaining Discovery Can be Completed by the Deadline

As detailed herein, most of the party document discovery has been completed. This includes more than 74,000 pages produced by both sides on the core issues. Along with the scheduled depositions, Concierge Live believes that discovery will be completed by the October 17 deadline for fact discovery in the existing scheduling order, and that no good cause exists for extending that date.

Spotlight's motion cites to several items that it contends justifies its requested three-month extension. However, each open discovery item has existed since late spring, and the delay in resolving these issues is due to Spotlight's own inaction.

*First*, Spotlight asserts that it served a series of subpoenas on Concierge Live clients approximately two months ago, on May 7. It asserts that it will not receive the majority of documents responsive to subpoenas until late July or early August 2025. Spotlight does not explain the delay in obtaining these documents, and it appears that the delay is based on indefinite extensions to produce the documents. Even if there are issues with the discovery, Spotlight's motion does not provide any basis for believing these issues, if any, cannot be resolved before the October 17th deadline (or that the availability of Mr. Pardo is necessary to resolve this issue).

*Second*, as noted, Concierge Live has produced communications with potential customers in promoting Concierge Live's business. However, Spotlight's motion states that it also seeks customer support communications that may reflect some "failure" in Concierge Live's Ticketmaster integration. It sought these documents in its April 23, 2025 demands, but Concierge Live objected because Spotlight had not sufficiently identified the specific sorts of communications that it believed would show such a "failure." [Doc. 83-2, Page ID #:1121]. Despite an offer to meet and confer to clarify the requests, Spotlight insisted on an overly-broad proximity search. On June 17, 2025, Magistrate Judge Christensen rejected Spotlight's approach, and directed Spotlight to meet and confer and clarify its requests. Spotlight has not further clarified the requests, even as Concierge Live has repeatedly reminded Spotlight that it was willing to produce documents, but awaited Spotlight's more-specific subjects. Spotlight's lack of diligence in resolving this open discovery issue also does not warrant an extension.

*Third*, Spotlight asserts that until these additional document productions are completed, it is not feasible for it to identify witnesses (many of which are anticipated to be employees of third parties) to depose in this case. Concierge Live is unclear on what inability Spotlight has, as Concierge Live has provided documents showing the persons at Automatiq and Ticketmaster involved in securing Ticketmaster's authorization for the API integrations, and the persons at Ticketmaster that approved the integrations. Those depositions are being scheduled before the close of discovery. With respect to clients and potential customers, Concierge Live has provided its sales communications with the clients, and therefore the contact personnel at those third-party clients is also known.

/ / /

/ / /

/ / /

/ / /

B. **The Timing of Expert Discovery Should Not Require An Adjustment to the Existing Fact Discovery End Date**

Concierge Live agrees with Spotlight that the current scheduling order's dates for expert disclosure could benefit from adjustment. The current scheduling order provides that the expert discovery cutoff and the rebuttal expert deadline occur on the same day, immediately after the fact discovery deadline. Concierge Live respectfully submits that all, or at least many, of the claims and counterclaim may be resolved on summary judgment. This would serve to refine, or possibly even entirely eliminate, any issues that otherwise may warrant expert testimony. Therefore, Concierge Live submits that the dates for expert disclosure and discovery might be adjourned until after the summary judgment motion is resolved.

## IV. CONCLUSION

Spotlight's motion fails to identify good cause for its request to extend discovery. The delay in resolving these claims is causing prejudice and cost to Concierge Live, and it respectfully requests that the motion be denied.

DATED: August 1, 2025

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: */s/ Eric J. Lorenzini*
ERIC J. LORENZINI
Attorneys for Defendant Concierge Live LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Concierge Live, LLC, certifies that the foregoing Memorandum of Points and Authorities in Opposition to Spotlight's Motion contains 1,849 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 1, 2025     ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: _/s/ Eric J. Lorenzini_
ERIC J. LORENZINI
Attorneys for Defendant Concierge Live LLC